Law
Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM                         )
                                           )        CRIMINAL CASE NO. CF0428-94
        vs.                                )
                                           )        **DECISION AND ORDER**
MARK BAMBA ANGOCO,                         )
                                           )
                Defendant.                 )
                                           )

## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on the Defendant's request for judicial notice, filed October 8, 2012. Oral arguments were heard on October 9, 2012. Attorney David J. Lujan represented the Defendant and Assistant Attorney General Gerald L. Henderson appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

The Defendant contends that Guam R. Evid. 201(d) requires the Court to take judicial notice of portions of the judgment in his first trial, specifically the May 24, 1995 judgment of acquittal for the charges of aggravated murder, robbery, theft, burglary and the unlawful possession and use of a deadly weapon. (Request for Judicial Notice, 1-2, Oct. 8, 2012.) The Defendant does not request that the Court take judicial notice of the same May 24, 1995 judgment of conviction for the charge of aggravated murder during the commission of a robbery or hindering apprehension. This conviction is inconsistent with the acquittal of robbery and the underlying charge is the subject of the present retrial at the instruction of the Supreme Court of Guam. *See People v. Angoco*, 2004 Guam 11 ¶¶ 15, 23, 26-27.

## DISCUSSION

Pursuant to *In the Interest of N.A.*, 2001 Guam 7 ¶ 58, it is proper for the Court to take judicial notice of the truth of the contents of court judgments. *Id.* (*citing In Re Snider Farms, Inc.*, 83 B.R. 977, 986-87 (Bankr. N.D. Ind. 1988)). The Court must take judicial notice of an adjudicative fact, "if requested by a party and supplied with the necessary information." Guam R. Evid. 201(d).

In this case, the Defendant requests judicial notice of the May 24, 1995 judgments of acquittal and the Court is supplied with the necessary information to do so. On this basis, the Court has the power to take judicial notice of these facts as the truth of these acquittals. *See* GRE 201(d) and *In the Interest of N.A.*, 2001 Guam 7 ¶ 58. However, the Court does not end its inquiry at GRE 201(d). The court must determine if the facts are admissible as evidence. Evidence of the inconsistent verdicts may be irrelevant and inadmissible evidence in this case.

The May 24, 1995 judgment is based upon inconsistent verdicts and has limited probative value in this retrial. The judgment shows that the prior jury found the Defendant not guilty of robbery but guilty of murder during the commission of a robbery. These findings are not probative of any fact of consequence in this retrial. Therefore the evidence is irrelevant and inadmissible. *See e.g.* Guam R. Evid. 401 and 402; *Guam v. Castro*, 2002 Guam 23 ¶ 32 (*citing U.S. v. Gricco*, 277 F.3d 339, 352 (3d Cir. 2002) ("evidence of prior acquittals is generally inadmissible")).

The appellate decisions and the most recent decision of this court applying the law of the case indicate re-trial shall be based on the Second Charge of the Superseding Indictment. "We hold that the doctrine of double jeopardy does not bar the retrial of Angoco for felony aggravated murder." *See People v. Angoco*, 2004 Guam 11 ¶¶ 3 and 24.

However, even relevant evidence, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Guam R. Evid. 403. The limited probative value of a prior acquittal is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. *See Castro*, 2002 Guam 23 at ¶ 32 n. 8.

In this case, the Court agrees with the Government that the evidence of a prior inconsistent acquittal, "invites the jury to substitute the previous verdict for its own independent judgment of the evidence before it." (Opposition, 2, Oct. 8, 2012.) Furthermore, the admission of prior acquittals in this particular case shall necessarily require a technical explanation of more

than a decade of appeals that have culminated in this retrial.[1] For these reasons, the Court also finds that the limited probative value of the May 24, 1995 judgment is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Therefore, evidence of prior acquittals shall be excluded from the evidence and the request for its judicial notice shall be denied.

## CONCLUSION

Based upon the foregoing, the People's objection is sustained and the Defendant's request for judicial notice of his prior acquittals is hereby DENIED.

**SO ORDERED this 9th day of October, 2012.**

*Katherine A. Maraman*

**HONORABLE KATHERINE A. MARAMAN**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

DATED: OCT 0 9 2012

JENNIE M. DUEÑAS
DEPUTY CLERK, Superior Court of Guam

---

[1] For example, if the inconsistent acquittal of robbery is offered to prove innocence or to suggest that the Government cannot prove the element of robbery in this case, then the Court would have to explain the following to the jury: 1) the acquittal of the third charge of robbery was inconsistent with the conviction of the second charge of murder during robbery; 2) the inconsistent conviction could be retried after a successful habeas petition for the ineffective assistance of counsel; 3) pursuant to *People v. Angoco*, 2004 Guam 11, res judicata and collateral estoppel do not prohibit the Government from retrying the inconsistent conviction in this case, namely the second charge of murder during robbery, including the robbery element; and 4) for the foregoing reasons, the jury shall not consider the prior inconsistent acquittal of robbery as evidence in this retrial of murder during robbery.